UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| FERRELLGAS, INC., | |
| Plaintiff, | |
| v. | Case No. 4:21-cv-00551-BP |
| THOMPSONGAS, LLC, | |
| Defendant. | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

For its Answer and Affirmative and Other Defenses to Plaintiff's Petition for Damages ("Complaint"), Defendant ThompsonGas, LLC ("ThompsonGas") states as follows:

## I. THE PARTIES

1.     Plaintiff Ferrellgas, Inc. ("Ferrellgas" or "Plaintiff") is a Delaware corporation in good standing, duly registered and doing business in the state of Missouri, with corporate offices at 1 Liberty Plaza, Liberty, Missouri 64068 in Clay County. Ferrellgas is a nationwide home and business propane supplier.

**ANSWER: Based on information and belief, ThompsonGas admits the allegations in paragraph 1 of Plaintiff's Complaint.**

2.     On information and belief, ThompsonGas, LLC ("ThompsonGas") is a Maryland limited liability company in good standing, duly registered and doing business in the state of Missouri, with its corporate headquarters at 5260 Westview Drive, Suite 200, Frederick, Maryland 21703. ThompsonGas is also a nationwide home and business propane supplier and a direct competitor of Ferrellgas.

1

**ANSWER: ThompsonGas admits the allegations in paragraph 2 of Plaintiff's Complaint other than ThompsonGas objects to the allegation of ThompsonGas being a direct competitor of Plaintiff as being vague and unclear and therefore denies it.**

## II.  JURISDICTION AND VENUE

3.      This Court has personal jurisdiction over ThompsonGas under RSMo. § 506.500.

**ANSWER: The allegation in paragraph 3 of Plaintiff's Complaint is moot as the case has been removed to this Court.  ThompsonGas admits this Court has personal jurisdiction over ThompsonGas in this matter.**

4.      The Court has subject-matter jurisdiction pursuant to Article V, Section 14(a) of

the Missouri Constitution and RSMo. § 478.070.

**ANSWER: The allegation in paragraph 4 of Plaintiff's Complaint is moot as the case has been removed to this Court.  ThompsonGas admits this Court has subject jurisdiction in this matter.**

5.      The Court has subject-matter jurisdiction pursuant to Article V, Section 14(a) of

the Missouri Constitution and RSMo. § 478.070.

**ANSWER: The allegation in paragraph 5 of Plaintiff's Complaint is moot as the case has been removed to this Court.  ThompsonGas admits venue is proper before this Court in this matter.**

## III.  FACTUAL ALLEGATIONS

6.      Ferrellgas has corporate offices in Clay County, Missouri, and Ferrellgas' business

touches upon the state of Missouri.

**ANSWER: ThompsonGas admits the allegations in paragraph 6 of Plaintiff's Complaint.**

7.      Over the past few years, ThompsonGas has hired at least 25 former Ferrellgas

employees, particularly employees who held management or executive level positions with

Ferrellgas who now hold management or executive level positions with ThompsonGas. Those

employees known to Ferrellgas are: Travis Ochs, Derek Ashmore, Eddie Lamphear, Paul Haeder,

Parvoneh Robles, Rob Vicory, Kelly Kite, Lee Martin, Kelsey Bright, Merle Edington, Jonathan

Loeb, KC Boeckman, Dan Carrigan, Tara Arroyo, Kimmie Marler, Tom Parsley, Andy Wise, Michael Wright, Mark Witt, Mark Ruggiero, Kirk Reid, Joe Richardson, Tyler Denham, Adrian Parrish, and Jim Davis (collectively the "Employees").

**ANSWER: ThompsonGas objects to the allegations in paragraph 7 of Plaintiff's Complaint to the extent they are vague and unclear, including "Over the past few years." Also, ThompsonGas lacks sufficient information as to what is known to Plaintiff. Therefore, ThompsonGas denies the allegations in this paragraph.**

8.    Ferrellgas has made substantial investment in the recruitment, retention, and service of its customers and customer accounts, leading to the development of longstanding relationships and goodwill with vendors and customers over the years.

**ANSWER: ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 8 of Plaintiff's Complaint and therefore denies them.**

9.    Through its recruitment of Ferrellgas' Employees, ThompsonGas has gained access to Ferrellgas' relationships and goodwill with customers and vendors, as well as confidential information regarding Ferrellgas' customers and vendors and strategic plans, which the Employees were bound to maintain confidential as described below.

**ANSWER: ThompsonGas denies the allegations in paragraph 9 of Plaintiff's Complaint.**

10.    For example, Travis Ochs was a 13-year employee of Ferrellgas, holding a variety of positions including Vice President of Supply and Wholesale of Ferrell North America. In this position, Ochs reported directly to Ferrellgas' CEO, James E. Ferrell. Ochs was involved in the highest levels of Ferrellgas' strategic decisions and possesses knowledge of Ferrellgas' most sensitive information, including how Ferrellgas buys propane, Ferrellgas' costs, Ferrellgas' supply in various regions, the strengths and weaknesses of Ferrellgas' supply chain, and Ferrellgas' future plans for supply. Additionally, upon information and belief, Ochs negotiated current Ferrellgas supply contracts while he was being recruited by ThompsonGas.

3

**ANSWER:  ThompsonGas denies the allegations in paragraph 10 of Plaintiff's Complaint.**

11.     Because of the nature of Ferrellgas' business, ThompsonGas' access to Ferrellgas' confidential information and strategic business plans and Ferrellgas' relationships and goodwill with customers and vendors enables ThompsonGas to improperly influence and/or divert Ferrellgas employees or customers.

**ANSWER:  ThompsonGas denies the allegations in paragraph 11 of Plaintiff's Complaint.**

12.     Ferrellgas has made a substantial investment in its employees, providing them with support services, training and opportunities, benefits, and access to information regarding its vendors, customers, and employees.

**ANSWER:  ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 12 of Plaintiff's Complaint and therefore denies them.**

13.     Ferrellgas has made substantial investment in the development of its strategic business plans and is reliant on those plans for its future success.

**ANSWER:  ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 13 of Plaintiff's Complaint and therefore denies them.**

14.     Based in part on its recognition that Ferrellgas employees would gain access to relationships and goodwill, as well as sensitive and confidential business and customer information in the course of their employment at Ferrellgas which, if misused, disclosed or misappropriated, would enable those employees to influence and/or divert Ferrellgas' customers and employees, Ferrellgas utilizes a written Employee Agreement to govern these employees' employment.

**ANSWER:  ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 14 of Plaintiff's Complaint and therefore denies them.**

15.     Recognizing the value of the goodwill Ferrellgas has developed with its customers, vendors and suppliers, as a condition to their employment, the Employees promised not to directly or

HB: 4848-3203-6084.1

indirectly call upon, solicit, divert, etc., Ferrellgas' Customers, or disrupt or attempt to disrupt Ferrellgas' relationships with its vendors, suppliers and employees, as more specifically set forth below. The Employees agreed that because the value of Ferrellgas' goodwill is difficult to determine, violation of these provisions will cause irreparable harm to Ferrellgas, entitling Ferrellgas to an injunction.

**ANSWER: ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 15 of Plaintiff's Complaint and therefore denies them.**

16. During the course of their employment at ThompsonGas, the former Ferrellgas Employees must necessarily and inevitably breach their post-employment obligations to Ferrellgas by engaging, either directly or indirectly, in the prohibited conduct described above. Indeed, the value of the Employees to ThompsonGas is predicated upon their access to and ability to use such information.

**ANSWER: ThompsonGas denies the allegations in paragraph 16 of Plaintiff's Complaint.**

17. Through its recruitment and retention of Ferrellgas' Employees, ThompsonGas participates in and facilitates the theft of Ferrellgas' goodwill, which, as ThompsonGas is aware, Ferrellgas' former Employees are bound to protect by refraining from engaging in the prohibited conduct described above.

**ANSWER: ThompsonGas denies the allegations in paragraph 17 of Plaintiff's Complaint.**

18. A representative example of a Ferrellgas Employee Agreement, signed by Travis Ochs on December 22, 2008, is attached as Exhibit 1.

**ANSWER: ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 18 of Plaintiff's Complaint and therefore denies them.**

HB: 4848-3203-6084.1

19.     But for their respective executions of this Agreement, the Employees would not have worked with Ferrellgas and/or received access to Ferrellgas' customer and employee contacts, goodwill, loyalty and relationships, trade secrets, or Ferrellgas' strategic business plans.

**ANSWER: ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 19 of Plaintiff's Complaint and therefore denies them.**

20.     Ferrellgas' Employee Agreements are governed by Missouri law.

**ANSWER: ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 20 of Plaintiff's Complaint and therefore denies them.**

21.     The Agreements create a duty by Ferrellgas employees, including once they leave the company, to keep secret and confidential, and not use or reveal Ferrellgas' "Confidential Information," other than on behalf of Ferrellgas.

**ANSWER: ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 21 of Plaintiff's Complaint and therefore denies them.**

22.     The Agreements further create a duty by Ferrellgas employees, including after employment, not to interfere with Ferrellgas' relationships with its employees, vendors, and customers.

**ANSWER: ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 22 of Plaintiff's Complaint and therefore denies them.**

23.     "Confidential information" is defined in the Agreements to include "information that Ferrellgas has developed, acquired, organized, compiled or maintained regarding its products, services, processes, methods, operations, proposals, projects, contracts, bids, revenues, and finances to the extent not subject to public disclosure requirements, business relationships, correspondence, and other matters related to Ferrellgas' development and operation of its business." (Ex. 1 at "Exhibit A".) The Agreements provide, among other things, that employees will not:

6.     …for a period of two years immediately following termination of Employee's employment in the county or counties where Employee had contact with Ferrellgas customers on behalf of Ferrellgas:

HB: 4848-3203-6084.1

a)  directly or indirectly, in person or through others, for the benefit of Employee or another, call upon, solicit, sell, divert, take away, deliver to, accept business or orders, or otherwise deal with Ferrellgas' Customers, nor shall Employee, in any capacity, assist others to do so; or

b)  directly or indirectly, interfere with the business relationship between Ferrellgas and any Ferrellgas Customers…

7.  Both during and after Employee's employment, interfere with, disrupt, or attempt to disrupt relations, contractual or otherwise, between Ferrellgas and its employees, vendors, or suppliers.

8.  Hire or take away, directly or indirectly, any Ferrellgas employee.

* * *

10. Employee acknowledges damages to Ferrellgas will be difficult to determine if Employee breaches this Agreement. The injury to goodwill, customer relations, and other business interests will be irreparable and continual, and legal remedies available to Ferrellgas will be inadequate. Therefore, Employee agrees that Ferrellgas will be entitled to injunctive relief and any other equitable relief available to protect Ferrellgas . . .

**ANSWER: ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 23 of Plaintiff's Complaint and therefore denies them.**

24.  When they signed these Agreements, the Employees agreed to abide by these restrictive covenants. Ferrellgas believed that the Employees would abide by their promises and relied upon these written promises when Ferrellgas proceeded to hire and continued to employ these Employees and give them access to information, vendors, and customers.

**ANSWER: ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 24 of Plaintiff's Complaint and therefore denies them.**

25.  During their respective employments at Ferrellgas, the Employees learned Ferrellgas' Confidential Information, strategic business plans and the identities and contact information of other key Ferrellgas employees and had contact with Ferrellgas employees, vendors, and customers.

**ANSWER: ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 25 of Plaintiff's Complaint and therefore denies them.**

26.  ThompsonGas is a direct competitor of Ferrellgas.

7

**ANSWER: ThompsonGas objects to the allegations in paragraph 26 of Plaintiff's Complaint as vague and unclear and therefore denies them.**

27.     Having hired the Employees, ThompsonGas has likewise acquired knowledge of Ferrellgas' Confidential Information, strategic business plans, and the identities and contact information of other key Ferrellgas employees, as well as the ability to influence or interfere with Ferrellgas' relationships with its employees, vendors, and customers, undermining or in effect stealing the goodwill Ferrellgas has developed over the years

**ANSWER: ThompsonGas denies the allegations in paragraph 27 of Plaintiff's Complaint.**

28.     On information and belief, the Employees have disclosed Ferrellgas' Confidential Information, strategic business plans, and the identities and contact information of other key Ferrellgas employees, vendors, and customers to ThompsonGas

**ANSWER: ThompsonGas denies the allegations in paragraph 28 of Plaintiff's Complaint.**

29.     The nature of the parties' field, competition, and information acquired render it inevitable that the Employees would disclose Ferrellgas' Confidential Information, strategic business plans, and identities and contact information of other key Ferrellgas employees, vendors, and customers in the course of their employment at ThompsonGas.

**ANSWER: ThompsonGas denies the allegations in paragraph 29 of Plaintiff's Complaint.**

30.     Upon information and belief, as the Employees have left Ferrellgas for ThompsonGas, they have either directly or indirectly assisted ThompsonGas in the recruitment of other Ferrellgas employees, in violation of their Employee Agreements.

**ANSWER: ThompsonGas denies the allegations in paragraph 30 of Plaintiff's Complaint.**

8

31.     Upon information and belief, some or all of the Employees have assisted ThompsonGas in interfering with Ferrellgas' relationships with customers and vendors, in violation of their Employment Agreements.

**ANSWER:  ThompsonGas denies the allegations in paragraph 31 of Plaintiff's Complaint.**

32.     The Employees have committed the breaches of their respective Employment Agreements as discussed herein in their capacity as employees, agents and representatives of ThompsonGas.

**ANSWER:  ThompsonGas denies the allegations in paragraph 32 of Plaintiff's Complaint.**

33.     ThompsonGas is aware of the Employees' obligations under their Agreements. On June 16, 2020, Ferrellgas' General Counsel sent a letter to ThompsonGas' Vice President and General Counsel, directing ThompsonGas to cease and desist its improper misappropriation of Ferrellgas' confidential and proprietary information through its recruitment of Ferrellgas' Employees. ThompsonGas did not respond to the letter, but rather continued recruiting Ferrellgas' employees.

**ANSWER:  ThompsonGas admits that it received a letter dated June 16, 2020 from Plaintiff's general counsel but otherwise denies the allegations in paragraph 33 of Plaintiff's Complaint.**

34.     ThompsonGas' wrongful conduct has caused and threatens to continue to cause irreparable injury to Ferrellgas, including loss of revenue; loss of current and prospective customers or employees; loss of market share; loss of customer and employee contacts, goodwill, loyalty and relationships; and a negative effect on Ferrellgas' current and prospective business relationships and relationships with its current employees.

**ANSWER:  ThompsonGas denies the allegations in paragraph 34 of Plaintiff's Complaint.**

HB: 4848-3203-6084.1

35.    If ThompsonGas continues its activities, Ferrellgas is likely to suffer further irreparable harm in that ThompsonGas will obtain an unfair advantage over Ferrellgas by appropriating Ferrellgas' contacts, goodwill, loyalty, relationships, and trade secrets.

**ANSWER:  ThompsonGas denies the allegations in paragraph 35 of Plaintiff's Complaint.**

36.    Ferrellgas' Employee Agreements are reasonable and valid in that they afford reasonable protection to Ferrellgas' interests in its contacts, goodwill, loyalty, and relationships, and proprietary business information, and avoiding unfair competition, but do not unreasonably restrain employees' ability to earn a living through conduct that does not violate the Agreement.

**ANSWER:  To the extent the allegations in paragraph 36 of Plaintiff's Complaint contain legal conclusions, ThompsonGas need not respond to them.  To the extent a response is required, ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 36 of Plaintiff's Complaint and therefore denies them.**

37.    Ferrellgas employees agree through their execution of the Employee Agreements that these covenants are appropriate and reasonable in light of the nature and extent of the busines conducted by Ferrellgas, that a violation of any of the covenants will cause irreparable injury to Ferrellgas, and that Ferrellgas shall have the right to a court order enjoining and restraining them from committing or continuing to commit any such violation.

**ANSWER:  To the extent the allegations in paragraph 37 of Plaintiff's Complaint contain legal conclusions, ThompsonGas need not respond to them.  To the extent a response is required, ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 37 of Plaintiff's Complaint and therefore denies them.**

<u>COUNT I</u>
**<u>Tortious Interference with Contracts and/or Busines Relationships</u>**

38.    Ferrellgas incorporates the allegations in all prior paragraphs of this Petition as if fully set forth herein.

**ANSWER:  ThompsonGas incorporates its responses to the prior paragraphs of Plaintiff's Complaint herein.**

39.     Ferrellgas has contracts and/or valid busines relationships with its employees.

**ANSWER:  To the extent the allegations in paragraph 39 of Plaintiff's Complaint contain legal conclusions, ThompsonGas need not respond to them.  To the extent a response is required, ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 39 of Plaintiff's Complaint and therefore denies them.**

40.     Ferrellgas has contracts and/or valid business relationships with its customers.

**ANSWER:  To the extent the allegations in paragraph 40 of Plaintiff's Complaint contain legal conclusions, ThompsonGas need not respond to them.  To the extent a response is required, ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 40 of Plaintiff's Complaint and therefore denies them.**

41.     The Employees, through their respective employments with Ferrellgas, have knowledge of Ferrellgas' contracts and/or valid busines relationships with its employees.

**ANSWER:  To the extent the allegations in paragraph 41 of Plaintiff's Complaint contain legal conclusions, ThompsonGas need not respond to them.  To the extent a response is required, ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 41 of Plaintiff's Complaint and therefore denies them.**

42.     The Employees, through their respective employments with Ferrellgas, have the ability to improperly interfere with Ferrellgas' relationships with its employees, vendors, and customers, undermining the goodwill Ferrellgas has developed over the years.

**ANSWER:  To the extent the allegations in paragraph 42 of Plaintiff's Complaint contain legal conclusions, ThompsonGas need not respond to them.  To the extent a response is required, ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 42 of Plaintiff's Complaint and therefore denies them.**

43.     The Employees, through their respective employments with Ferrellgas, have knowledge of the identifies of other Ferrellgas employees, and their roles and functions

**ANSWER:  ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 43 of Plaintiff's Complaint and therefore denies them.**

44.     ThompsonGas has intentionally interfered with Ferrellgas' contracts and/or business relationships with Ferrellgas' employees by actively soliciting the Employees and other employees and/or encouraging the Employees and other employees to leave Ferrellgas for ThompsonGas.

**ANSWER: ThompsonGas denies the allegations in paragraph 44 of Plaintiff's Complaint.**

45.     ThompsonGas has intentionally interfered with Ferrellgas' contracts and/or business relationships with its customers by utilizing Confidential Information obtained from the Employees to compete.

**ANSWER: ThompsonGas denies the allegations in paragraph 45 of Plaintiff's Complaint.**

46.     ThompsonGas intentionally interfered with Ferrellgas' contracts and/or business relationships with its customers by exploiting the former Ferrellgas Employees' ability to interfere with Ferrellgas' goodwill and relationships given their access to Ferrellgas customers.

**ANSWER: ThompsonGas denies the allegations in paragraph 46 of Plaintiff's Complaint.**

47.     ThompsonGas' intentional interference with Ferrellgas' contracts and/or business relationships is unjustified.

**ANSWER: ThompsonGas denies the allegations in paragraph 47 of Plaintiff's Complaint.**

48.     As a result of ThompsonGas' tortious interference, Ferrellgas has suffered and/or will suffer severe economic harm and other intangible consequences including the need to hire and re-train employees to replace the Employees who were improperly poached by ThompsonGas.

**ANSWER: ThompsonGas denies the allegations in paragraph 48 of Plaintiff's Complaint.**

49.     As a result of ThompsonGas' interference, Ferrellgas has suffered and/or will suffer severe economic harm and other intangible consequences including the need to re-establish the information and customer relationships Ferrellgas has lost; loss of revenue; loss of goodwill and loyalty; and damage to Ferrellgas' current and prospective business relationships with its customers and employees.

HB: 4848-3203-6084.1

**ANSWER: ThompsonGas denies the allegations in paragraph 49 of Plaintiff's Complaint.**

50.     ThompsonGas acted with an evil motive and/or reckless indifference to Ferrellgas' rights and the rights of others, such that ThompsonGas is liable for punitive damages.

**ANSWER: ThompsonGas denies the allegations in paragraph 50 of Plaintiff's Complaint.**

51.     Upon information and belief, ThompsonGas' intentional interference with Ferrellgas' business relationships is ongoing and threatened

**ANSWER: ThompsonGas denies the allegations in paragraph 51 of Plaintiff's Complaint.**

52.     Ferrellgas will continue to suffer damages as a direct and proximate result of ThompsonGas' interference, unless and until the Court enjoins ThompsonGas from doing so.

**ANSWER: ThompsonGas denies the allegations in paragraph 52 of Plaintiff's Complaint.**

WHEREFORE, Ferrellgas prays for the Court to award actual damages, in an amount to be proven at trial; Ferrellgas' attorneys' fees, costs and expenses incurred herein; and prejudgment and post-judgment interest as authorized by law. Further, Ferrellgas requests that the Court issue an injunction which enjoins ThompsonGas from further using Ferrellgas' Confidential Information; enjoins ThompsonGas employees who are bound by Ferrellgas Employment Agreements from hiring, or taking away, either directly or indirectly, other Ferrellgas employees; which requires ThompsonGas to return any Ferrellgas Confidential Information in its possession to Ferrellgas; and which prohibits ThompsonGas from using Ferrellgas' Confidential Information to interfere with Ferrellgas' business relationships with customers and employees. Finally, Ferrellgas requests such other and further relief as the Court deems just and proper.

**<u>ANSWER</u>:     ThompsonGas denies that Plaintiff is entitled to any of the relief sought.**

HB: 4848-3203-6084.1

## COUNT II
## Interference with Business Expectancy

53.    Ferrellgas incorporates the allegations in all prior paragraphs of this Petition as if fully set forth herein.

**ANSWER: ThompsonGas incorporates its responses to the prior paragraphs of Plaintiff's Complaint herein.**

54.    Through the use of its business contacts and information, and but for ThompsonGas' conduct, Ferrellgas has an expectation that it will continue to expand its market share and gain additional business relationships in the business in which it operates, which expanded market share and business relationships will confer an economic benefit upon Ferrellgas.

**ANSWER: ThompsonGas denies the allegations in paragraph 54 of Plaintiff's Complaint.**

55.    Through the course of their employment, the Employees became aware of Ferrellgas' prospective business relationships.

**ANSWER: To the extent the allegations in paragraph 55 of Plaintiff's Complaint contain legal conclusions, ThompsonGas need not respond to them. To the extent a response is required, ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 55 of Plaintiff's Complaint and therefore denies them.**

56.    ThompsonGas has intentionally interfered with Ferrellgas' prospective contracts and/or business relationships by using Ferrellgas' Confidential Information, goodwill, and relationships to divert or lure prospective customers that Ferrellgas is actively pursuing, and with whom Ferrellgas is likely to engage as customers, but for ThompsonGas' improper interference.

**ANSWER: ThompsonGas denies the allegations in paragraph 56 of Plaintiff's Complaint.**

57.    ThompsonGas' intentional interference with Ferrellgas' contracts and/or business relationships is unjustified.

**ANSWER: ThompsonGas denies the allegations in paragraph 57 of Plaintiff's Complaint.**

14

58.     As a result of ThompsonGas' tortious interference, Ferrellgas has suffered and/or will suffer severe economic harm and other intangible consequences including loss of revenue; loss of prospective customers or employees; loss of goodwill and loyalty; and damage to Ferrellgas' prospective business relationships with its customers and employees.

**ANSWER:  ThompsonGas denies the allegations in paragraph 58 of Plaintiff's Complaint.**

59.     ThompsonGas acted with an evil motive and/or reckless indifference to Ferrellgas' rights and the rights of others, such that ThompsonGas is liable for punitive damages.

**ANSWER:  ThompsonGas denies the allegations in paragraph 59 of Plaintiff's Complaint.**

60.     Upon information and belief, ThompsonGas' intentional interference with Ferrellgas' prospective business relationships is ongoing and threatened.

**ANSWER:  ThompsonGas denies the allegations in paragraph 60 of Plaintiff's Complaint.**

61.     Ferrellgas will continue to suffer damages as a direct and proximate result of ThompsonGas' interference, unless and until the Court enjoins ThompsonGas from doing so.

**ANSWER:  ThompsonGas denies the allegations in paragraph 61 of Plaintiff's Complaint.**

WHEREFORE, Ferrellgas prays for the Court to award actual damages, in an amount to be proven at trial; Ferrellgas' attorneys' fees, costs and expenses incurred herein; and prejudgment and post-judgment interest as authorized by law. Ferrellgas further requests that the Court issue an injunction which enjoins ThompsonGas from further using Ferrellgas' Confidential Information; enjoins ThompsonGas employees who are bound by Ferrellgas Employment Agreements from hiring, or taking away, either directly or indirectly, other Ferrellgas employees; which requires ThompsonGas to return any Ferrellgas Confidential

HB: 4848-3203-6084.1

Information in its possession to Ferrellgas; and which prohibits ThompsonGas from using Ferrellgas' Confidential Information to interfere with Ferrellgas' business relationships with customers and employees. Finally, Ferrellgas requests such other and further relief as the Court deems just and proper.

**ANSWER:** **ThompsonGas denies that Plaintiff is entitled to any of the relief sought.**

## COUNT III
## Unfair Competition

62.     Ferrellgas incorporates the allegations in all prior paragraphs of this Petition as if fully set forth herein.

**ANSWER:  ThompsonGas incorporates its responses to the prior paragraphs of Plaintiff's Complaint herein.**

63.     The Employees, and by extension ThompsonGas, have access to and possession of Ferrellgas' confidential, proprietary, and trade secret information, including without limitation its Confidential Information.

**ANSWER:  ThompsonGas denies the allegations in paragraph 63 of Plaintiff's Complaint.**

64.     The Employees, and by extension ThompsonGas, have access to Ferrellgas employees, vendors, and customers and have the ability to use that access to undermine Ferrellgas' goodwill and relationships.

**ANSWER:  ThompsonGas denies the allegations in paragraph 64 of Plaintiff's Complaint.**

65.     Upon information and belief, ThompsonGas is using such information and/or access to unfairly compete against Ferrellgas.

**ANSWER:  ThompsonGas denies the allegations in paragraph 65 of Plaintiff's Complaint.**

HB: 4848-3203-6084.1

66.     Further, the Employees' extensive knowledge of Ferrellgas' Confidential Information – both collectively and in many cases, individually – is such that the disclosure of Ferrellgas' Confidential Information to ThompsonGas by these Employees is inevitable.

**ANSWER:  ThompsonGas denies the allegations in paragraph 66 of Plaintiff's Complaint.**

67.     Upon information and belief, ThompsonGas has obtained or will obtain contracts, agreements, customer engagement, prospective employee engagement, and revenue that ThompsonGas would not have otherwise obtained, and Ferrellgas reasonably would have obtained, but for ThompsonGas' misconduct, misappropriation and unfair competition.

**ANSWER:  ThompsonGas denies the allegations in paragraph 67 of Plaintiff's Complaint.**

68.     ThompsonGas' conduct constitutes unfair competition and misuse of Ferrellgas' confidential, proprietary, and/or trade secret information to the injury of Ferrellgas.

**ANSWER:  ThompsonGas denies the allegations in paragraph 68 of Plaintiff's Complaint.**

69.     ThompsonGas' unfair competition has caused damage to Ferrellgas and will continue to cause damage to Ferrellgas in the future, in an amount to be determined at trial.

**ANSWER:  ThompsonGas denies the allegations in paragraph 69 of Plaintiff's Complaint.**

WHEREFORE, Ferrellgas prays for the entry of judgment in its favor and against ThompsonGas for damages; appropriate injunctive relief; Ferrellgas' costs and attorneys' fees incurred herein; and for such other and further relief as the Court deems just, equitable and proper under the circumstances.

**<u>ANSWER</u>:     ThompsonGas denies that Plaintiff is entitled to any of the relief sought.**

HB: 4848-3203-6084.1

## COUNT IV
## Unjust Enrichment

70.     Ferrellgas incorporates the allegations in all prior paragraphs of this Petition as if fully set forth herein.

**ANSWER:  ThompsonGas incorporates its responses to the prior paragraphs of Plaintiff's Complaint herein.**

71.     The Employees' improper actions have conferred a real, material, valuable benefit on ThompsonGas.

**ANSWER:  ThompsonGas denies the allegations in paragraph 71 of Plaintiff's Complaint.**

72.     The fair, reasonable, and unpaid value of that benefit includes the harm Ferrellgas – ThompsonGas' competitor – has suffered and will suffer, specifically severe economic harm and other intangible consequences including re-establishing the information and customer relationships Ferrellgas has lost due to the Employees' violations of their Agreements and ThompsonGas' intentional interference.

**ANSWER:  ThompsonGas denies the allegations in paragraph 72 of Plaintiff's Complaint.**

73.     Ferrellgas' losses are also likely to include the need to re-establish the information and customer relationships Ferrellgas has lost; loss of revenue; loss of current and prospective customers or employees; loss of goodwill and loyalty; and damage to Ferrellgas' current and prospective business relationships with its customers and employees.

**ANSWER:  ThompsonGas denies the allegations in paragraph 73 of Plaintiff's Complaint.**

74.     The losses described above flow from ThompsonGas' misuse of relationships that the Employees fostered on behalf of Ferrellgas; misuse of Ferrellgas' customer and employee contacts; and misappropriation of Ferrellgas' trade secrets.

18

**ANSWER: ThompsonGas denies the allegations in paragraph 74 of Plaintiff's Complaint.**

75.     ThompsonGas has received or will receive economic benefit from Ferrellgas' information and customer relationships pilfered by ThompsonGas due to the Employees' violations of their Agreements and ThompsonGas' intentional interference with Ferrellgas' business relationships.

**ANSWER: ThompsonGas denies the allegations in paragraph 75 of Plaintiff's Complaint.**

76.     These benefits are likely to include increase of revenue; gain of customers or employees; gain of relationships that the Employees fostered on behalf of Ferrellgas; gain of Ferrellgas' customer and employee contacts; and loss of goodwill, loyalty and relationships.

**ANSWER: ThompsonGas denies the allegations in paragraph 76 of Plaintiff's Complaint.**

77.     ThompsonGas has not compensated Ferrellgas for the fair, reasonable, and unpaid value of these benefits to ThompsonGas, to the extent such monetary value can even be determined.

**ANSWER: ThompsonGas denies the allegations in paragraph 77 of Plaintiff's Complaint.**

78.     It would be unfair, unjust, and inequitable for ThompsonGas to retain the benefit conferred by Ferrellgas without compensating Ferrellgas for the fair, reasonable, and unpaid value of these benefits, to the extent such monetary value can even be determined

**ANSWER: ThompsonGas denies the allegations in paragraph 78 of Plaintiff's Complaint.**

WHEREFORE, Ferrellgas prays for the entry of judgment in its favor and against ThompsonGas for an award of damages to the extent ascertainable, plus accrued pre-judgment interest calculated at the applicable statutory rate; for an award of the costs of this action; and for such other and further the Court deems just and equitable.

HB: 4848-3203-6084.1

**ANSWER:** ThompsonGas denies that Plaintiff is entitled to any of the relief sought.

## COUNT V
## Misappropriation of Trade Secrets – Violation of The Missouri Uniform Trade Secrets Act (§ 417.450 RSMo., *et seq.*)

79. Ferrellgas incorporates the allegations in all prior paragraphs of this Petition as if fully set forth herein

**ANSWER: ThompsonGas incorporates its responses to the prior paragraphs of Plaintiff's Complaint herein.**

80. Ferrellgas' confidential business information – including but not limited to customer information and the marketing needs; habits and strategies pertaining to those customers; Ferrellgas' business methods and the pricing of its products and services; and Ferrellgas' current and future strategic business plans, projections, supply contracts, and operations plans – constitute trade secrets within the meaning of the Missouri Uniform Trade Secrets Act (§ 417.450 RSMo., *et seq.*) in that they constitute information, data, compilations, programs, techniques, methods, and processes that derive independent economic value from not being generally known and not readily ascertainable by proper means by other persons, who can obtain economic value from their disclosure or use and are the subject of reasonable efforts by Ferrellgas to maintain their secrecy.

**ANSWER: To the extent the allegations in paragraph 80 of Plaintiff's Complaint contain legal conclusions, ThompsonGas need not respond to them. To the extent a response is required, ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 80 of Plaintiff's Complaint and therefore denies them.**

81. Ferrellgas took reasonable steps to maintain the confidentiality of its trade secrets, such as providing such information on a need to know basis, and including and enforcing restrictive covenants in its Employee Agreements

**ANSWER: To the extent the allegations in paragraph 81 of Plaintiff's Complaint contain legal conclusions, ThompsonGas need not respond to them. To the extent a response is required, ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 82 of Plaintiff's Complaint and therefore denies them.**

HB: 4848-3203-6084.1

82.     In the course of the Employees' employment with Ferrellgas, Ferrellgas disclosed to the Employees its trade secrets as described abov

**ANSWER:  ThompsonGas lacks sufficient information to admit or deny the allegations in paragraph 82 of Plaintiff's Complaint and therefore denies them.**

83.     In fact, the Employees' extensive knowledge of Ferrellgas' Confidential Information – both collectively and in many cases, individually – is such that the disclosure of Ferrellgas' Confidential Information to ThompsonGas by these Employees is inevitable

**ANSWER:  ThompsonGas denies the allegations in paragraph 83 of Plaintiff's Complaint.**

84.     Without authorization from Ferrellgas, ThompsonGas has misappropriated Ferrellgas' trade secrets by acquiring, using and disclosing them to solicit, divert and attempt to solicit and divert Ferrellgas' customers to ThompsonGas or to products and/or services offered by ThompsonGas.

**ANSWER:  ThompsonGas denies the allegations in paragraph 84 of Plaintiff's Complaint.**

85.     Without authorization from Ferrellgas, the Employees have misappropriated Ferrellgas' trade secrets by acquiring, using and disclosing them to ThompsonGas so that ThompsonGas may unfairly compete with Ferrellgas.

**ANSWER:  ThompsonGas denies the allegations in paragraph 85 of Plaintiff's Complaint.**

86.     ThompsonGas' misappropriation and use of Ferrellgas' trade secrets was and is willful, malicious, outrageous, and done with evil motive or reckless indifference to the rights of Ferrellgas and others.

**ANSWER:  ThompsonGas denies the allegations in paragraph 86 of Plaintiff's Complaint.**

HB: 4848-3203-6084.1

87. As a result of ThompsonGas' misappropriation and use of Ferrellgas' trade secrets, Ferrellgas has suffered damages, including but not limited to its actual losses, reasonably ascertainable losses, and ThompsonGas' unjust enrichment

**ANSWER: ThompsonGas denies the allegations in paragraph 87 of Plaintiff's Complaint.**

WHEREFORE, Ferrellgas prays for the entry of judgment in its favor and against ThompsonGas for a fair and reasonable award of damages in an amount to be determined at trial; for punitive damages; for its attorneys' fees; for an order enjoining ThompsonGas from continuing to misappropriate Ferrellgas' trade secrets and requiring the return of the same to Ferrellgas, and for such other and further relief as the Court deems just, equitable and proper under the circumstances

**<u>ANSWER</u>: ThompsonGas denies that Plaintiff is entitled to any of the relief sought.**

**<u>GENERAL DENIAL AND RESPONSE TO PRAYERS FOR RELIEF</u>**

ThompsonGas deny all allegations not specifically admitted herein.

**<u>AFFIRMATIVE AND OTHER DEFENSES</u>**

1. Plaintiff's Complaint fails in whole or in part to state a claim upon which relief can be granted.

2. Any injury to Plaintiff, the existence of which ThompsonGas specifically denies, was caused by Plaintiff and/or by third parties over whom ThompsonGas had no control.

3. Any prayer by Plaintiff for punitive damages, the existence of which prayer ThompsonGas specifically denies, violates the 8th and 14th Amendments to the United States Constitution and violates the Missouri State Constitution.

4. Plaintiff's claims are barred to the extent the doctrines of laches, waiver, and/or estoppel apply.

HB: 4848-3203-6084.1

5.      Plaintiff's claims are barred to the extent the doctrine of unclean hands applies.

6.      Plaintiff's prayers for attorney's fees are unrecoverable and not a form of relief to which Plaintiff is entitled under the claims asserted.

7.      ThompsonGas reserves the right to assert additional defenses as they become evident through discovery or investigation, including but not limited to the defense of after-acquired evidence.

8.      ThompsonGas expressly reserves the right to amend this Answer to plead additional/different defenses to the extent Plaintiff amends/clarifies its claims.

Respectfully submitted,


By: */s/ Randall S. Thompson*
        Randall S. Thompson (#45581MO)
        Husch Blackwell LLP
        190 Carondelet Plaza, Suite 600
        St. Louis, Missouri 64105
        Telephone:  314-480-1500
        Facsimile:  314-480-1505
        Email: randall.thompson@huschblackwell.com

        William E. Corum (#17324MO)
        Husch Blackwell LLP
        4801 Main Street, Suite 1000
        Kansas City, Missouri 64112
        Telephone: 816-983-8000
        Facsimile: 816-983-8080
        Email: William.corum@huschblackwell.com

        *Attorneys for Defendant ThompsonGas, LLC*


## CERTIFICATE OF SERVICE

This is to certify that on the 6th day of August, 2021, a copy of the above and foregoing was served via the Court's electronic (ECF) notification system to:


SCHARNHORST AST KENNARD GRIFFIN, PC

HB: 4848-3203-6084.1

Brent N. Coverdale (#50696)
Cameron E. Grant (#72225)
Alex A. McKenna (#72024)
1100 Main Street, Suite 1950
Kansas City, MO 64106
Telephone: 816.268.9400
Facsimile: 913.268.9409
bcoverdale@sakg.com
cgrant@sakg.com
amckenna@sakg.com

*Attorneys for Plaintiff Ferrellgas, Inc.*

*/s/ Randall S. Thompson*
Attorneys for Defendant ThompsonGas, LLC

HB: 4848-3203-6084.1